IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHARLES CARNELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>THE STATE OF CALIFORNIA, )<br>HUMBOLDT COUNTY SUPERIOR )<br>COURT, )<br>)<br>Respondents. )<br>_____ ) | No. C 09-1847 MMC (PR)<br><br>**ORDER VACATING ORDER OF DISMISSAL; DIRECTING CLERK TO REOPEN ACTION; GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS; DIRECTING PETITIONER TO FILE AMENDMENT TO PETITION NAMING PROPER RESPONDENT** |

On April 28, 2009, petitioner, a California prisoner incarcerated at Kern Valley State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That same date, the Court notified petitioner in writing that the action was deficient due to petitioner's failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application. Petitioner was advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, petitioner was sent a copy of the court-approved prisoner's IFP application, instructions for completing it, and a return envelope.

On May 14, 2009, the Court received from petitioner a letter in which petitioner stated that on May 10, 2009 he had submitted a request to prison officials for the requisite IFP

documents; petitioner asked the Court to "hold the deadline a few days." When petitioner still had not filed a completed IFP application by June 9, 2009, the Court dismissed the action without prejudice.

Subsequently, on June 22, 2009, petitioner filed a completed IFP application with the requisite documents. Additionally, on June 25, 2009, petitioner filed a letter in which he objects to the dismissal of the instant action; petitioner asserts the delay in petitioner's filing his completed IFP application was the result of inaction on the part of prison officials and not petitioner. Good cause appearing, the Court will grant petitioner's motion to vacate the order of dismissal and will direct the Clerk to reopen the instant action. Further, in view of petitioner's lack of funds, petitioner's application to proceed IFP will be granted.

**BACKGROUND**

In 1998, in the Superior Court of Humboldt County, petitioner was found guilty of attempted murder, assault with a deadly weapon, and various enhancements. He was sentenced to a term of thirty years to life in state prison. The California Court of Appeal affirmed the conviction. Petitioner did not at that time seek further state court review. In January 2006, petitioner discovered that his trial attorney had never advised him that the District Attorney, in April 1997, had conveyed an offer to petitioner's attorney that would have allowed petitioner to plead guilty to assault with a deadly weapon in exchange for a determinate sentence of twenty-one years. Petitioner returned to state court to seek habeas corpus relief on grounds of ineffective assistance of counsel. On December 19, 2007, the California Supreme Court denied petitioner's state habeas corpus petition.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

2

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claim

Petitioner claims the failure of his attorney to advise him of the District Attorney's plea offer constituted ineffective assistance of counsel, in that petitioner would have accepted such plea had he been so advised. Liberally construed, petitioner's claim is cognizable. See Jones v. Wood, 114 F.3d 1002, 1012 (9th Cir. 1997) (holding trial counsel's failure to inform defendant of prosecution's offer of plea bargain before rejecting it on defendant's behalf may rise to level of ineffective assistance of counsel).

The petition cannot go forward, however, because a proper respondent has not been named. The proper respondent in a habeas action is "the state officer having custody of the applicant," if the applicant is in custody. See Rule 2, Rules Governing Habeas Corpus Cases Under Section 2254. "The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." Id. Advisory Committee Notes. Failure to name a petitioner's custodian as a respondent deprives the federal court of personal jurisdiction. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). In the instant petition, petitioner identifies two respondents: the State of California and the Humboldt County Superior Court, none of which is a proper respondent. Accordingly, before the Court can issue an order to show cause directing the respondent to answer the petition, petitioner must file an amendment to the petition to substitute, as the respondent, the warden of the prison where he is currently incarcerated.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Court's prior order of dismissal is hereby VACATED. The Clerk is hereby

3

1  directed to REOPEN the instant action.

2      2. Petitioner's application to proceed in forma pauperis is hereby GRANTED.

3      3. Petitioner must file an amendment to the petition to name the proper respondent. The amendment must include the caption and civil case number used in this order (No. C 09-1847 MMC (PR)), and must be titled "Amendment to Petition to Name Proper Respondent." Petitioner must file the amendment to the petition within **thirty (30)** days of the date this order is filed. Failure to timely file the amendment will result in the dismissal of this action for lack of jurisdiction.

    IT IS SO ORDERED.

DATED: July 10, 2009

                                          _____
                                          MAXINE M. CHESNEY
                                          United States District Judge