IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM CHARLES CARNELL, | ) | No. C 09-1847 MMC (PR) |
| Petitioner, | ) | **ORDER TO SHOW CAUSE;** |
| | ) | **DIRECTING CLERK TO** |
| v. | ) | **SUBSTITUTE WARDEN KELLY** |
| | ) | **HARRINGTON** |
| KELLY HARRINGTON, Warden, | ) | **AS RESPONDENT** |
| Respondent. | ) | |
| _____ | ) | |

    On April 28, 2009, petitioner, a California prisoner incarcerated at Kern Valley State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 10, 2009, the Court found the petition stated a cognizable claim for relief. The Court determined the petition could not go forward, however, because a proper respondent had not been named. Specifically, petitioner had identified two respondents, the "State of California" and the "Humboldt County Superior Court," but had not named the state officer having custody of petitioner. See Rule 2, Rules Governing Section 2254 Cases. The Court granted petitioner leave to file an amendment to the petition to substitute, as the respondent, the warden of the prison in which petitioner currently is incarcerated.

    Petitioner has filed an amendment to the petition, naming the warden of Kern Valley State Prison as his custodian. Accordingly, the Court will direct the Clerk of the Court to

substitute Warden Kelly Harrington as the respondent to the petition.

As the Court found in its prior order, petitioner has stated a cognizable claim for relief with respect to his 1998 convictions for attempted murder and assault with a deadly weapon, for which petitioner was sentenced to thirty years to life in state prison.  Specifically, petitioner has stated a claim for ineffective assistance of counsel, as based on petitioner's discovery in 2006 that his trial attorney had never advised him that the District Attorney, in April 1997, had conveyed an offer to petitioner's attorney that would have allowed petitioner to plead guilty to assault with a deadly weapon in exchange for a determinate sentence of twenty-one years, which plea, petitioner states, he would have accepted had he been so advised.

Accordingly, respondent will be ordered to respond to the petition, as set forth below.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall substitute Warden Kelly Harrington as the respondent in this action.

2. The Clerk shall serve by certified mail a copy of this order, <u>the amended petition (Docket No. 13), and all attachments thereto</u>, on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the

answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: April 19, 2010

MAXINE M. CHESNEY
United States District Judge

3