IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHARLES CARNELL,  )<br>　　　　　Petitioner,　　　　)<br>　　v.　　　　　　　　　　　)<br>KELLY HARRINGTON, Warden, )<br>　　　　　Respondent.　　　　)<br>_____ ) | No. C 09-1847 MMC (PR)<br>**ORDER GRANTING EXTENSION OF TIME TO FILE OPPOSITION; GRANTING MOTION TO DISMISS PETITION AS UNTIMELY**<br>**(Docket Nos. 20 & 21)** |

　　　On April 28, 2009, petitioner, a California prisoner then incarcerated at Kern Valley State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Now pending before the Court is respondent's motion to dismiss the petition as untimely.  Petitioner has opposed the motion, and respondent has filed a reply.[2]

**BACKGROUND**

　　　In 1998, a Humboldt County jury convicted petitioner of attempted murder and assault with a deadly weapon.  (Mot. To Dismiss Ex. A.)  The trial court sentenced petitioner to a

---

　　　[1]Plaintiff currently is incarcerated at R.J. Donovan State Prison, in San Diego, California.

　　　[2]Good cause appearing, petitioner's request for an extension of time to file his opposition will be granted.  Accordingly, the opposition is deemed timely.

term of 13 years plus an indeterminate life term. (Mot. To Dismiss Ex. B.)

On November 30, 1999, the California Court of Appeal affirmed the judgment. (Mot. To Dismiss Ex. C.) On March 1, 2000, the California Supreme Court denied review. (Mot. To Dismiss Ex. D.)

Over six years later, on May 15, 2006, petitioner filed a habeas petition in the Superior Court, raising, for the first time, the claim he raises in the instant petition, specifically, ineffective assistance of counsel for failure to notify petitioner of an alleged plea offer. (Amended Pet. at 4, Ex. A.) The Superior Court denied relief. (Amended Pet. at 3.)

On May 23, 2007, petitioner filed a habeas petition in the California Court of Appeal. (Mot. To Dismiss Ex. E.) On May 31, 2007, the petition was denied as untimely. (Id.)

On June 21, 2007, petitioner filed a habeas petition in the California Supreme Court, which was denied on December 19, 2007. (Mot. To Dismiss Ex. F.)

As noted, the instant federal habeas petition was filed on April 28, 2009.

**DISCUSSION**

A.   Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent moves to dismiss the instant petition under 28 U.S.C. § 2244(d)(1)(A), on

2

the ground the petition was filed more than one year after petitioner's conviction became final. In opposition, petitioner argues the petition is timely because he is entitled to delayed commencement of the period of limitations under 28 U.S.C. § 2244(d)(1)(D).

B.  Commencement of the Limitations Period

As noted, respondent argues the one-year limitations period commenced on the date petitioner's judgment of conviction became final. Petitioner's judgment became final on direct appeal on May 30, 2000, ninety days after the California Supreme Court denied review and the date on which the time for petitioner to file a petition for a writ of certiorari from the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Thus, under 28 U.S.C. § 2244(d)(1)(A), petitioner presumptively had until May 30, 2001, to file a timely habeas petition in federal court.[3]

Petitioner maintains, however, that he did not discover the predicate for his habeas claims until he reviewed his appellate record in 2006, at which time he first saw a document appearing to be a 1997 plea offer made by the prosecution. (Amended Pet. at 9-10; Opp. Mot. To Dismiss at 2-3.) Petitioner states he was not previously aware of any plea offer having been made despite his having personally requested an offer from the District Attorney's Office prior to his trial. (Amended Pet. at 9-11.) Petitioner also states that although he did not discover the document in his appellate record until 2006, he had been in receipt of the complete record since 1999 or 2000. (Amended Pet. at 9; Opp. Mot. To Dismiss at 2.)

Under AEDPA, the time at which petitioner actually discovered his claim is irrelevant. The statute of limitations begins to run on the date the "factual predicate" of the claim "could have been discovered" through the exercise of due diligence. 28 U.S.C. § 2254(d)(1)(D) (emphasis added). Here, as noted, petitioner's claim is predicated on a newly discovered

---

[3]For purposes of determining whether a petition has been timely filed under AEDPA, the one-year period is calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure, the general rule for computing time in federal courts. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Under Rule 6, the day of the event triggering the time period is excluded from the computation, while the last day of the time period is included. Fed. R. Civ. P. 6(a)(1).

3

document.  With the exercise of due diligence, however, petitioner could have brought his claim as early as 2000, the time at which he admittedly received the document as part of the appellate record.  Instead, petitioner waited six years to bring the claim.  There is nothing in the record before this Court to suggest petitioner was in any manner prevented from reviewing his appellate record earlier and filing a timely petition thereafter.  Petitioner's only excuse for delaying his review was that he was tired of looking at legal documents and "never wished . . . to deal with the American Juris again."  (Opp. Mot. To Dismiss at 3.)  Petitioner concedes he was prompted to review the documents in 2006 only after his transfer to a new prison that required him to place his legal papers in storage.  (Amended Pet. at 9.)  Indeed, petitioner, by stating his discovery of the alleged plea offer was by "inadvertent chance," essentially admits such discovery was not by the exercise of due diligence.  (Opp. Mot. To Dismiss at 3.)

Accordingly, the Court finds petitioner failed to exercise due diligence in bringing his instant claim, and agrees with respondent that the one-year limitations period commenced on the date petitioner's judgment of conviction because final, specifically, May 30, 2000.  As noted, under such circumstances, petitioner presumptively had until May 30, 2001 to file a timely petition in federal court.  As the instant petition was not filed until April 28, 2009, the petition, absent statutory or equitable tolling, is untimely.

C.    Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  See 28 U.S.C. § 2244(d)(2).  An application for review remains "pending" in state court until it has achieved final resolution through the State's post-conviction procedures.  Carey v. Saffold, 536 U.S. 214, 220 (2002).  The limitation period is not tolled for applications filed after the AEDPA limitations period has expired, however.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

4

Here, the limitations period for petitioner's federal habeas petition expired on May 30, 2001. Petitioner, however, did not file his first state habeas petition until May 15, 2006, almost five years after the AEDPA deadline had passed.

Accordingly, petitioner is not entitled to statutory tolling for the time that his state habeas petitions were pending. Ferguson, 321 F.3d at 823.

D.   Equitable Tolling

AEDPA's one-year limitations period is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation and citation omitted). In opposition to the motion to dismiss, petitioner does not argue he is entitled to equitable tolling, and no ground for such tolling is apparent from the record that has been developed in this matter.

Accordingly, the Court finds the petition is not rendered timely on the basis of equitable tolling.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Petitioner's request for an extension of time to oppose the motion to dismiss is hereby GRANTED.

2. Respondent's motion to dismiss the petition as untimely is hereby GRANTED.

This order terminates Docket Nos. 20 and 21.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: May 20, 2011

MAXINE M. CHESNEY
United States District Judge